IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-67-D

| | | |
|---|---|---|
| KAROLINA SORENSSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DITECH FINANCIAL LLC/ GREENTREE, | ) | |
| | ) | |
| Defendant. | ) | |

On May 15, 2017, Karolina Sorensson ("Sorensson" or "plaintiff"), appearing pro se, applied to proceed in forma pauperis and filed a proposed complaint and a proposed summons [D.E. 1]. On May 19, 2017, the court granted Sorensson's application, directed the clerk to file the complaint and issue the proposed summons, and directed the U.S. Marshal to serve the summons and a copy of the complaint on defendant [D.E. 4].

On June 22, 2017, the U.S. Marshal Service returned a USM-285 form [D.E. 7]. The form indicated that the summons and complaint was delivered to defendant on May 30, 2017, but no return receipt was received from the United States Postal Service. Id.

On July 18, 2017, Sorensson moved for default judgment [D.E. 9]. On August 15, 2017, the court denied the motion [D.E. 10]. On August 23, 2017, Sorensson filed a "motion for amended or additional findings of fact" [D.E. 11].

The deadline for effecting service has expired, and defendant has not been served. Defendant is a corporation. See Compl. [D.E. 1-1] 5. Proper service may be effected under Rule 4(h) of the Federal Rules of Civil Procedure by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located, or by delivering a copy

of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. See Fed. R. Civ. P. 4(h)(1).

North Carolina law provides for service by certified mail, but requires that the delivery be addressed to certain persons to effect service. See. N.C. Gen. Stat. § 1A-1, Rule 4(j)(6) (providing that service by certified mail is effective if "addressed to the officer, director or agent" or "an agent authorized by appointment or by law to be served or to accept service of process); Choice Hotels Int'l v. Amcee Enter., Inc., No. 5:13-CV-200-F, 2014 WL 3778932, at *2 (E.D.N.C. July 31, 2014) (unpublished); Adams v. GE Money Bank, No. 1:06cv227, 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (unpublished). No evidence in the record suggests that Sorensson directed the summons and complaint to a proper person for service under North Carolina law and the Federal Rules of Civil Procedure.

The court ORDERS the service deadline to be extended until December 4, 2017. See Fed. R. Civ. P. 4(m). Not later than October 13, 2017, Sorensson is DIRECTED to submit a new summons to the clerk that complies with North Carolina law and the Federal Rules of Civil Procedure. Once Sorrenson files a new summons, the clerk is DIRECTED to issue the summons prepared by Sorennson. The U.S. Marshal is DIRECTED to serve the summons and a copy of the complaint on defendant, and if service is made via certified mail, return receipt requested, to file a copy of the return receipt. Sorensson's motion for amended or additional findings of fact [D.E. 11] is DENIED.

SO ORDERED. This _3_ day of October 2017.

JAMES C. DEVER III
Chief United States District Judge

2