IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:17-CV-67-D
No. 4:18-CV-42-D

| | |
|---|---|
| KAROLINA SORENSSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DITECH FINANCIAL LLC/GREENTREE, ) | |
| ) | |
| Defendant. ) | |

On May 15, 2017, Karolina Sorensson ("Sorensson" or "plaintiff"), proceeding pro se and in forma pauperis [D.E. 1, 4] filed a complaint against Ditech Financial, LLC ("Ditech" or "defendant") alleging improper debt collection techniques concerning a mortgage on a property located in Beaufort, North Carolina ("property") [D.E. 5]. See [D.E. 28] 2. On December 18, 2017, Ditech moved to dismiss the complaint for failure to state a claim [D.E. 18], and filed a memorandum in support [D.E. 19]. On January 16, 2018, Sorensson responded [D.E. 24]. On January 25, 2018, Ditech replied [D.E. 25]. On April 6, 2018, Sorensson moved to cancel the foreclosure sale concerning her residence [D.E. 26]. On April 30, 2018, Ditech responded in opposition [D.E. 28]. On May 11, 2018, Sorensson filed additional documents [D.E. 29]. On January 23, 2018, during this litigation's pendency, Sorensson filed an additional lawsuit against Ditech in Carteret County Superior Court alleging the same set of facts. Ditech removed that action to this court. See Sorensson v. Ditech Financial LLC, No. 4:18-CV-42-D (Sorensson II). Sorensson II includes an identical motion to dismiss and motion for cancellation of the foreclosure sale [D.E. 12, 15]. As explained below, the court grants Ditech's motions to dismiss, and denies Sorensson's motions to cancel foreclosure.

I.

On June 19, 2007, Sorensson executed a promissory note on a home loan in the amount of $159,920.00. See [D.E. 19] 1. Subsequently, Ditech acquired the promissory note. See id. Sorensson defaulted on that loan, and Ditech initiated foreclosure proceedings "on or about February 10, 2017 in the Superior Court for Carteret County, North Carolina." Id. at 2. On May 15, 2017, Sorensson filed this action. Sorensson alleges that Ditech used "unethical, unnecessarily aggressive, predatory tactics to collect a debt/foreclose [her] home" including "harassment, apparent retaliation, intimidation, [and] white collar crime." Compl. [D.E. 5] 6. She alleges that the loan was illegally perpetuated, that Ditech changed the account number without notice, that Ditech used attorneys not licensed to practice in the State of North Carolina to foreclose on the home, and that the loan was predatory in nature. See id. She also alleges "discrimination against gender, marital status, disability/challenges, and race among other." Id.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-63 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302

2

(quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Sorensson's complaint mentions one legal cause of action, a violation of 42 U.S.C. § 3631, which prohibits persons from interfering with the "selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling" because of a person's "race, color, religion, sex, handicap, . . . familial status, . . . or national origin." 42 U.S.C. § 3631. Sorensson makes only two factual claims concerning this allegation. First, that

3

Ditech allegedly refused to remove her ex-husband's name from the loan, calling this refusal a "weapon of intimidation to collect a debt . . . us[ing] [her] marital status" and an "invasion of privacy" evincing "malicious intent since the defendant was forcing me to fax them proof of public records." [D.E. 24] 3–4. Second, Sorensson alleges that "other ethnic groups, and populations, other than mine, are NOT treated in the same manner as . . . Ditech ha[s] treated me[,]" and that Ditech is "working on actions that keep Hispanic disabled females . . . in the situation where [they] can never become homeowners becomes of the perpetuation of the debt." Compl. at 4; [D.E. 24] 5.

Sorensson's conclusory allegations do not plausibly allege discrimination prohibited by 42 U.S.C. § 3631. Cf. United States v. Nichols, 149 F. App'x 149, 151 (4th Cir. 2005) (per curiam) (unpublished); United States v. Wildes, 120 F.3d 468, 469 (4th Cir. 1997). Moreover, 42 U.S.C. § 3631 is a criminal statute and does not create a private right of action for discriminatory housing practices. See Jack v. Stubblefield, 5:09-CV-00046, 2009 WL 1809931, at *2 (W.D. Va. June 22, 2009) (unpublished), aff'd, 342 F. App'x 902 (4th Cir. 2009) (per curiam) (unpublished).

Sorensson's remaining claims concern various business practices that she dislikes. See Compl. at 4–5. These alleged practices include the transfer of her debt from one institution to another, her apparent difficulty in contacting these companies, and a change in her account number. See id. Sorensson alleges that these practices amount to "predatory lending" practices. See Compl. at 5, [D.E. 24] 5.

North Carolina does not recognize a cause of action for "predatory lending." See Stephens v. Bank of Am. Home Loans, Inc., 5:16-CV-660-BR, 2017 WL 4322816, *3 (E.D.N.C. Sept. 28, 2017) (unpublished). Accordingly, that claim fails.

On April 6, 2018, Sorensson moved to cancel the foreclosure sale of the property. See [D.E.

4

26]. In that motion she reasserted the contentions raised in the complaint and elaborated in her response to the motion to dismiss. See [D.E. 24]; [D.E. 26]. In particular, Sorensson contends that Ditech improperly set her rates, denied her forbearance, and illegally perpetuated the loan after its expiration. See Compl. at 6; [D.E. 24] 4–6; [D.E. 26].

Parallel to this lawsuit, Ditech instituted foreclosure proceedings on the property in Carteret County Superior Court. See [D.E. 28] 2. On February 15, 2018, the Carteret County Clerk of Court issued a foreclosure order for the property. See [D.E. 28-1]. Sorensson did not timely appeal that order or post a bond. See [D.E. 28] 2. "[O]n April 12, 2018, the Property was foreclosed upon via public sale." Id. at 2–3; see [D.E. 28-2]. Sorensson failed to submit an upset bid within the 10-day window provided by N.C. Gen. Stat. § 45-21.29A, or a bond to stay the foreclosure sale under N.C. Gen. Stat. § 1-292. See [D.E. 28] 3. The sale was confirmed on April 24, 2018. See [D.E. 28] 3; [D.E. 28-3].

Sorensson failed to contest the foreclosure proceedings according to governing North Carolina law. Sorensson may not collaterally attack the foreclosure proceedings here. See, e.g., Vicks v. Ocwen Loan Servicing, LLC, No. 3:16-CV-00263-FDW, 2017 WL 2490007, at *2–3 (W.D.N.C. June 8, 2017) (unpublished), aff'd, 704 F. App'x 241 (4th Cir. 2017) (per curiam) (unpublished); Locklear v. Fed. Home Mortg. Corp., No. 7:16-CV-344-D, 2017 WL 1737634, at *4 (E.D.N.C. May 1, 2017) (unpublished); Hardin v. Bank of Am., N.A., No. 7:16-CV-75-D, 2017 WL 44709, at *5 (E.D.N.C. Jan. 3, 2017) (unpublished); Newton v. Nationstar Mortg. LLC, No. 7:15–CV–16–D, 2015 WL 3413256, at *3 (E.D.N.C. May 26, 2015) (unpublished); Howse v. Bank of Am., N.A., 804 S.E.2d 552, 555–56 (N.C. Ct. App. 2017). Accordingly, the court denies Sorensson's motion to cancel foreclosure.

5

II.

In sum, Ditech's motions to dismiss [D.E. 18] (4:17-CV-67-D), [D.E. 12] (4:18-CV-42-D) are GRANTED, and Sorensson's motions to cancel foreclosure [D.E. 26] (4:17-CV-67-D), [D.E. 15] (4:18-CV-42-D) are DENIED.

SO ORDERED. This 17 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge